United States District Court
Southern District of Texas
**ENTERED**
December 05, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RAMIRO RAMIREZ, §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>U.S. BANK N.A., as Trustee on Behalf of §<br>the Holders of J.P. Morgan, Mortgage §<br>Acquisition Trust 2006-WMC4 Asset-Backed §<br>Pass-Through Certificates, §<br>Series 2006-WMC4, §<br>§<br>*Defendant.* § | CIVIL ACTION H-18-1660 |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendant U.S. Bank N.A., as Trustee, on behalf of the Holders, of J.P. Morgan, Mortgage Acquisition Trust 2006-WMC4 Asset-Backed Pass-Through Certificates, Series 2006-WMC4 ("US Bank"). Dkt. 14. Plaintiff Ramiro Ramirez did not file a response to the motion. After considering the motion, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

Plaintiff Ramiro Ramirez filed his original petition in the 157th District Court of Harris County on May 7, 2018. Dkt. 1-4. Ramirez executed a home equity promissory note and Texas home equity security instrument relating to real property in Houston, Texas, on or about September 6, 2006. *Id.* The note and security instrument were transferred to US Bank on or about December 1, 2006. *Id* On December 28, 2017, US Bank filed an application for an expedited order or foreclosure in the 127th District Court in Harris County, Texas. *Id.* US Bank alleged that Ramirez was in default. *Id.* Ramirez contends that US Bank cannot foreclose because a four-year statute-of-

limitations for claims on real property liens has expired. *Id.* Ramirez admits that he had a "cash flow disruption" in 2009 that caused him to fall behind on his payments. *Id.* He asserts that he submitted loan modification paperwork on multiple occasions and US Bank repeatedly lost or misplaced his paperwork. *Id.* Regardless, the Note was, according to Ramirez, previously accelerated on May 1, 2012, and that it has been more than four years since the acceleration. *Id.* Ramirez argues that the purported lien is therefore void. *Id.* He requests a declaratory judgment that the statute of limitations has expired and that US Bank cannot foreclose on its purported lien, and he seeks to quiet title. *Id.*

US Bank removed the case to this court on May 21, 2018, filed a counterclaim on August 6, 2018, and now seeks summary judgment. Dkts. 1, 13, 14. Ramirez did not respond to the counterclaim, which notes that Ramirez's lawsuit had the effect of abating US Bank's request for an expedited foreclosure order. Dkt. 13. In the counterclaim, US Bank seeks an order authorizing foreclosure and a declaration of its right to foreclose. *Id.* It asserts that neither Ramirez nor anyone on his behalf has paid the installment due on December 1, 2009, or any installments that have become due under the note since that date. *Id.* It contends that, among other notices of default, it sent a notice of default via certified mail on September 30, 2013. *Id.* It asserts that it accelerated the payment obligations under the note subsequent to that time. *Id.*

In the motion for summary judgment, US Bank notes that it filed its counterclaim to "prevent continued stall tactics" because "otherwise Plaintiff will just continue to file collateral lawsuits each time [US Bank] obtains an expedited foreclosure order in state court." Dkt. 14. US Bank contends that the deed of trust was assigned to it on or about May 22, 2013, and it sent a notice of default by certified mail to Ramirez on September 20, 2013. *Id.* It asserts that Ramirez remained in default, and it sent another notice of default by certified mail on November 29, 2016. *Id.* US Bank

acknowledges that Ramirez contends that his loan was accelerated by US Bank in 2012, but points out there is no evidence of this. *Id.* Regardless, US Bank argues that even if the loan were accelerated in 2012, it was abandoned prior to the expiration of the statute of limitations by the 2013 notice of default. *Id.*

The motion is now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

## III. ANALYSIS

Ramirez's claims are based on the statute of limitations. Under Texas law, a "person must bring suit for the recovery of real property under a real property lien or the foreclosure of real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Practices & Remedies Code Ann. § 16.035(a). "'If a note or deed of trust secured by real property contains an optional acceleration clause,' . . . the action accrues 'when the holder actually exercises its option to accelerate.'" *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015). US Bank provides

evidence that it sent a notice of default in September 2013. Dkt. 14, Ex. 1-E. This notice required Ramirez to pay past-due mortgage payments of $142,418.35 by October 20, 2013. *Id.* Ramirez did not make this payment. US Bank then accelerated the loan on November 29, 2016, requiring Ramirez to pay "all sums due under the Note immediately." Dkt. 14, Ex. 1-F. Ramirez contends in his petition that the note was already accelerated in 2012, but by sending the September 2013 notice of default and thus giving Ramirez the option of paying only the amount in default as opposed to the entire accelerated amount, US Bank abandoned any previous acceleration. *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015). The November 29, 2016 acceleration is clearly within the limitation period. Accordingly, Ramirez's claims, which are based on the statute of limitations, fail. US Bank's motion for summary judgment on Ramirez's claims is GRANTED, and all of Ramirez's claims against US Bank are DISMISSED WITH PREJUDICE.

US Bank also requests summary judgment on its counterclaim seeking a declaration of the right to foreclose and an order of foreclosure. To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013); *see also* Tex. R. Civ. P. 736 (setting forth requirements for expedited foreclosure); *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. Jan. 23, 2017) (per curiam) (unpublished) (requiring a movant in a judicial foreclosure case to "prove a financial obligation and the lien securing it, a default on the loan, and that the property subject to foreclosure is the same property subject to the lien"). Here, US Bank has provided sufficient summary judgment evidence to meet these requirements. Dkt. 14, Ex. 1 (affidavit indicating there is a debt secured by a lien, Ramirez is in default, and he was sent notice

of default and acceleration); Ex. 1-A (Home Equity Note); Ex. 1-B (Home Equity Security Instrument);Ex. 1-C (First Lien); Ex. 1-E (Notice of Default); Ex. 1-F (Acceleration). Accordingly, its motion for summary judgment is GRANTED.

### IV. CONCLUSION

US Bank's motion for summary judgment is GRANTED. Ramirez's claims are DISMISSED WITH PREJUDICE. A final judgment and order of judicial foreclosure will issue concurrently with this order.

Signed at Houston, Texas on December 5, 2018.

 _____
Gray H. Miller
United States District Judge